UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RECEIPT # 51060
AMOUNT $ 150.00 - A+
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 11-17-03

RICHARD BOWIE,
    Plaintiff

v.

SPECIALTY ELASTOMERS
HOLDINGS, INC.
    Defendant

Case No. _____

(Docketed at the Bristol
County Superior Court,
Commonwealth of Mass.,
as BRCV2003-00905)

MAGISTRATE JUDGE Bowler

03 12279 RWZ

### NOTICE OF REMOVAL UNDER 28 U.S.C. § 1446

Pursuant to 28 U.S.C. §§ 1441 and 1446, the defendant, Specialty Elastomers Holdings, Inc., files this notice to remove a civil action from the Bristol County Superior Court, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts. In support of this notice the defendant states that:

1.) The above-captioned action was commenced by the plaintiff, Richard Bowie, in the Superior Court Department of the Trial Court, Bristol County, Commonwealth of Massachusetts, and is now pending in that court. Appendix 18-21.

2.) Process was served on the defendant on October 17, 2003. App. 9-10.

3.) The plaintiff's action is for breach of an employment contract. App. 1-2.

4.) The plaintiff is a resident of the State of Massachusetts. App. 1.

5.) The defendant is a foreign corporation, incorporated under the laws of the State of Delaware and with its principal place of business in the State of Illinois. Ibid.

6.) The amount in controversy exceeds the sum of $75,000. App. 2-3.  In his complaint, the plaintiff explicitly calculates $69,500 in damages. App. 2. It appears to a legal certainty, however, that the plaintiff seeks damages in excess of $75,000. See Radlo v. Rhone-Poulenc et al., 241 F. Supp. 2d 61, 63-64 (D. Mass. 2002).  While attorney's fees are generally not included in a calculation of the amount in controversy, fees should be included where provided for by contract or statute. See Velez v. Crown Life Insurance, 599 F.2d 471, 474 (1st Cir. 1979)("As a general rule, attorney's fees

are excludable in determining the amount in controversy because, normally, the successful party does not collect his attorney's fees in addition to or as part of the judgment. There are, however, two logical exceptions to this rule: one, where the fees are provided for by contract, and, two, where a statute mandates or allows the payment of such fees.")(citations omitted). In the instant case, plaintiff appears to allege that attorney's fees are due to him under the terms of the parties' alleged contract. App. 2-3 (including request for attorney's fees in each of the demand paragraphs rather than as a separate paragraph). If the plaintiff were to succeed in this case, his attorney's fees would certainly exceed $5,500. A reasonable hourly rate for an experienced attorney in the Boston area is $225. See, e.g., Martinez v. Hodgson, 265 F. Supp. 2d. 135, 1421-143 (D. Mass. 2003). At that rate, the plaintiff's attorney would need to expend

3

       only 24.5 hours on this case in order to bill more than $5,500. Common sense dictates that plaintiff's counsel would be required to work more than 24.5 hours in order to succeed on the merits. The plaintiff also seeks an unspecified amount of "[i]ncentive compensation, including but not limited to bonus incentive plan benefits in an amount to be determined." App. 2. On their face, the plaintiff's demands for attorney's fees and an incentive compensation bonus should be valued at more than $5,500. The matter in controversy, therefore, exceeds the sum of $75,000.

7.) The United States District Court for the District of Massachusetts, therefore, has subject matter jurisdiction over this dispute by reason of diversity of the citizenship of the parties, 28 U.S.C. § 1332.

8.) The action may be removed to this Court pursuant to 28 U.S.C. § 1441.

9.)    Copies of the process, pleadings, and other papers served upon the defendant are attached. App. 1-14.

WHEREFORE, the defendant respectfully asks that the plaintiff's civil action in the Bristol County Superior Court be discontinued and that the claim be removed to this Court.

Respectfully submitted,
Specialty Elastomers
Holdings, Inc.,
By its attorneys,

_/s/ signature_
Norman Holtz, BBO# 238880
Eugene J. Sullivan III,
BBO # 656497
GILMAN/ HOLTZ, P.C.
25 New Chardon Street
Boston, MA 02114
(617) 720-2663

[of counsel]

Jessica Lee
Jerry Meade
GIBSON, DUNN & CRUTCHER LLP
1801 California Street, Suite 4100
Denver, CO 80202
(303)298-5700

Dated: 17/Nov 03

## Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail.

Dated: 17 Nov 03

Eugene J. Sullivan III