UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2003 DEC -8  P 12: 57

U.S. DISTRICT COURT
DISTRICT OF MASS.

RICHARD BOWIE,
    Plaintiff

v.

SPECIALTY ELASTOMERS
HOLDINGS, INC.
    Defendant

Case No.
03-CV-12279-RWZ

## DEFENDANT'S ANSWER TO THE PLAINTIFF'S COMPLAINT

Pursuant to Fed.R.Civ.P. 8 and 12 the defendant, Specialty Elastomers Holdings, Inc., responds, paragraph by paragraph, to the allegations in the plaintiff's complaint.

1.    Upon information and belief, the defendant admits the allegations of fact contained in paragraph one.

2.    The defendant admits the allegations of fact contained in paragraph two.

3.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph three and, on that basis, denies the same.

4.    The defendant is without knowledge or information sufficient to form a belief

as to the truth of the averments in
paragraph four and, on that basis, denies
the same.

5.    The defendant is without knowledge or
information sufficient to form a belief
as to the truth of the averments in
paragraph five and, on that basis, denies
the same.

6.    The defendant is without knowledge or
information sufficient to form a belief
as to the truth of the averments in
paragraph six and, on that basis, denies
the same.

7.    The defendant is without knowledge or
information sufficient to form a belief
as to the truth of the averments in
paragraph seven and, on that basis,
denies the same.

8.    The defendant denies the allegations of
fact contained in paragraph eight.

9.    The defendant admits that it paid the
plaintiff $5,175 on or around June 1,
2003. Otherwise the defendant is without
knowledge or information sufficient to

2

form a belief as to the truth of the
averments in paragraph nine and, on that
basis, denies the same.

10.     The defendant is without knowledge or
information sufficient to form a belief
as to the truth of the averments in
paragraph ten and, on that basis, denies
the same.

11.     The defendant is without knowledge or
information sufficient to form a belief
as to the truth of the averments in
paragraph eleven and, on that basis,
denies the same.

12.     The defendant is without knowledge or
information sufficient to form a belief
as to the truth of the averments in
paragraph twelve and, on that basis,
denies the same.

13.     The defendant denies the allegations of
fact contained in paragraph thirteen.

As to the numbered "Wherefore" clause, defendant
denies any liability, in any form or amount, to
plaintiff.

3

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

The plaintiff's claims are barred by the doctrine of estoppel.

### Second Affirmative Defense

The plaintiff has failed to mitigate his alleged damages.

### Third Affirmative Defense

The defendant acted in good faith at all relevant times.

### Fourth Affirmative Defense

If the court should find that there was a contract between the parties, the plaintiff's claim for breach of contract is barred because the defendant fully or substantially performed any and all of its contractual obligations.

### Fifth Affirmative Defense

If the court should find that there was a contract between the parties, the plaintiff's claim for breach of contract is barred because the defendant's performance was excused by the plaintiff's prior and material breach of the contract.

### Sixth Affirmative Defense

4

The plaintiff has failed to state a claim upon
which relief may be granted.

### Seventh Affirmative Defense

The plaintiff's claims are barred by the doctrine
of laches.

### Eighth Affirmative Defense

The plaintiff brings this action with unclean
hands.

### Ninth Affirmative Defense

The plaintiff's claims do not satisfy the
requirements of Fed.R.Civ.P. 11(b).

### Tenth Affirmative Defense

The plaintiff was an at-will employee at all
times.

### Eleventh Affirmative Defense

The plaintiff's claims are barred in whole or in
part by the statute of frauds.

## COSTS AND ATTORNEY'S FEES

The defendant reserves the right to request costs and attorney's fees.

Respectfully submitted,
Specialty Elastomers
Holdings, Inc.,
By its attorneys,

Norman Holtz, BBO# 238880
Eugene J. Sullivan III,
BBO # 656497
GILMAN/ HOLTZ, P.C.
25 New Chardon Street
Boston, MA 02114
(617) 720-2663

[of counsel]        Jessica Lee
Jerry Meade
GIBSON, DUNN & CRUTCHER LLP
1801 California Street, Suite 4100
Denver, CO 80202
Dated: 5 Dec 03        (303)298-5700

## Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail.

Dated: 5 Dec 03

Eugene J. Sullivan III

6